IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES MATEO RIOS, 1609593, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | 3:11-CV-1356-M |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge follow:

**PROCEDURAL BACKGROUND**

This is a habeas corpus proceeding brought under 28 U.S.C. § 2254. Petitioner is in the custody of the Texas Department of Criminal Justice - Institutional Division.

Petitioner pled guilty to aggravated sexual assault in 13th District Court, Navarro County, Texas. On October 26, 2009, he was sentenced to twenty years confinement. Petitioner did not file a direct appeal.

On August 25, 2010, Petitioner filed a state habeas petition. *Ex parte Rios*, No. 74,845-01. On December 8, 2010, the Court of Criminal Appeals dismissed the petition as noncompliant.

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**

On June 16, 2011, Petitioner filed the instant petition. He argues: (1) he received ineffective assistance of counsel; (2) his guilty plea was involuntary; (3) the evidence was insufficient; (4) his conviction was obtained by perjured testimony; (5) there was a conflict of interest between the judge and Petitioner; and (6) the prosecutor tampered with a defense witness.

On September 16, 2011, Respondent filed his answer. The Court now finds the petition should be dismissed for failure to exhaust state remedies.

## EXHAUSTION OF STATE COURT REMEDIES

A petitioner must fully exhaust state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b). This entails submitting the factual and legal basis of any claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). A Texas prisoner must present his claim to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). A federal habeas petition that contains unexhausted claims must be dismissed in its entirety. *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990); *Bautista*, 793 F.2d at 110.

In this case, Petitioner did not file a direct appeal. The Court of Criminal Appeals also dismissed his state habeas petition as noncompliant. The Court of Criminal Appeals has therefore not considered the merits of Petitioner's claims and they remain unexhausted.

Although the terms of § 2254(b)(2) provide that an application for a writ of habeas corpus may be denied on the merits notwithstanding the applicant's failure to exhaust his state court remedies, complete exhaustion assists the federal courts in their review because federal

claims that have been fully exhausted in state courts will necessarily be accompanied by a more complete factual record.  *See Rose v. Lundy,* 455 U.S. 509,  518-19 (1982).

## RECOMMENDATION

For the foregoing reasons, the Court recommends that the District Court dismiss the habeas corpus petition without prejudice for failure to exhaust state court remedies.

Signed this 18th  day of September, 2012.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).